Okay, would the lawyers please approach and introduce yourselves. Good morning, Your Honor. Patrick Cook on behalf of the Defendant's Appellate. Good morning. David Novoselsky on behalf of the Plaintiff's Appellate. Okay, well you guys are two pros, so I'm sure you know what to do. You're going to reserve some time for rebuttal. Yes, sir. Okay, and you may proceed. Thank you. Counsel, may it please the Court, good morning. David Novoselsky again. Before you start, Mr. Novoselsky, I have a question for you. Yes, sir. In this particular case, the appellant never went before the Canadian court. Correct. To contest the service of process. Correct. And do you know one Illinois case where somebody did not go into a jurisdiction when they claimed that they were not properly served? I recall a case, but to be blunt, I'm not going to sit here and say, yeah, yeah. I recall one, but at my age, I'm 64, and my memory gets a little fuzzy. Well, you know, I'm a lot older than that that I don't recall such a case. My father's last comment to me is he has shoes older than I am. Okay, well, you may proceed with your argument. Thank you. Let me focus on that for a second. This is a situation, first of all, this is a 619 motion where it was the defendant's burden to sustain their right to dismissal. The Canadian decision, if you look at it, does not address jurisdiction over the plaintiffs here and the defendants there. It simply says service was effectuated. Does it have to? Well, if you look at the argument the defendants are raising here, their position is the Canadian court said we have jurisdiction. They didn't. And that's an important distinction for the purpose of both res judicata and for the felony. Mr. Nowazowski, every court determines whether they have jurisdiction, and if they don't mention it, then it's implicit that they do. Well, very respectfully, not here, and here's why. This was a default, not a judgment on the merits. This is like any other court. All three of you I have sat as trial judges. If there's service effectuated and nobody appears, you enter a default based on whether the service was good. You don't make a determination as to jurisdiction because there's no issue of jurisdiction before you at that point. And that's what we have here. Then let's go back to Justice Gordon's question, which is why didn't you contest it in Canadian courts? Okay. First of all, I wasn't. Your clients. My client's position was they had a contract in Illinois which says any disputes will be decided here in Illinois. None of them ever went to Canada. They were told basically that the Canadian court has no jurisdiction over you. If you go up there, you are basically waiving defenses here that exist and do exist in Illinois. Well, nobody suggests that they personally have to go up there. They could retain counsel. But their counsel would have. I agree with you, Your Honor. They could have special assurances. Well, actually, they don't have that in Canada. And I'm not licensed there, and I'm not going to tell the court I'm an expert in Canadian law. But I do know that my clients consulted with Canadian counsel, and they said, look, if you're going to come in at all, you are. Is that a matter of record in this case? I don't believe it is. I'm answering the court's question as to why they didn't do it. Right. And, frankly, that is if you look at it. But that might have been important for the trial court to have considered. Very respectfully? I don't think so, because then what she would be doing is going behind the order of the Canadian court. My position was, and it's my position here. Or she could have determined that the court order itself was not as binding as. But then she's passing on not just another trial court, but she's passing on a foreign court's order. Then let's go back to the initial question, which is, what's the standard of review? If I could just. . .oh, I'm sorry. Go ahead. No, no, no. I mean, that last. . . I'm sorry. That last point, though, kind of argues against yourself, though. Because if you're saying that the trial judge here in Cook County shouldn't have made a decision that attacks the Canadian court's order, then she was in no position to take a position in the 2619 motion that it was not a valid court order in Canada. Very respectfully, I disagree. Here's why. The defendants come in, and they're the proponent of dismissal. They have to establish that there was jurisdiction in Canada. They attach an order. The order does not say anything other than, I find that there was service. Based on that, I enter a default. They argue to you, and if you read their brief, and we point out in our reply, well, the Canadian judge found jurisdiction. Let me address that point for a second. Acknowledges he not, but the absence of jurisdiction, which under Kellerman can be reviewed by the trial court here, and it's that they know those standards. All right, but let's stop right there, Mr. Novoselsky, because as Justice Gordon pointed out, both of you are highly experienced. How many orders do you find issued in the circuit court of Cook County where jurisdiction of the court is acknowledged? Very few. I'm not, but I'm not the one who's a proponent of sane. Please read the brief. Well, but you're asking them to prove something that who says has to be proven. Well, under Kellerman, the court can make an independent determination of jurisdiction as well. Let's say for the sake of argument the Canadian judge. No, let's say for the sake of argument the trial judge says, from what I read here, jurisdiction existed. Then where does the burden shift? Shifts to the party saying there is no burden. I mean, there is no jurisdiction, and that would fall on you. Okay, then we prove there wasn't. I'll address it. Listen, we are pros, and I know that, you know, I can sit here all day and say, Judge, I may not agree with you, but let me address what is in the record. There's no dispute that we have American citizens who never appeared. We're not in Canada, didn't go to Canada. And let's go back and look at what we have here. We have a contract written in Illinois, which by its terms is applicable in Illinois, subject to the law of the Illinois courts. There is no dispute, and it is the defendant who bears the burden, at least initially, of proving jurisdiction. You have American citizens that everybody acknowledges don't go up to Canada to do anything. You have a dispute that is focused exclusively in Cook County. There is no component in Canada whatsoever. The only link in Canada at all is an action filed by a Canadian citizen seeking to attack what's going on in Illinois or to bar somebody from doing something in Illinois. Is the defendant subject to jurisdiction in Illinois? Of course. No dispute on that. So all the jurisdictional factors are in Illinois. If you look at the Kellerman analysis, should there be comedy? Let's say for the sake of argument, and I'll concede it for the sake of this argument, that the Canadian judge says, I have jurisdiction. The Illinois court isn't bound by that. It's bound to look at the facts, to have an analysis of the facts. There is no jurisdictional factor at all in Canada. None. Mr. Menzies, under these contracts, acknowledged that I will be subject to the jurisdiction of the Illinois courts. So that is the situation before the trial court, which she had as a matter of law, and so can you. You look at the undisputed factors saying, was there any jurisdiction in Canada? Because the defendant is affirmatively saying, I want you to find that there was jurisdiction, and under 619 that bars proceeding here. There are additional factors in Kellerman that they can't handle. Besides comedy, the relative burden. According to them, everybody takes a surely Illinois dispute with all the witnesses except one gentleman in Canada. Let me stop you, Mr. Zofidulski. Sure. Because let's say the trial, let's assume you're right. Let's say the trial, let's say the Canadian court was wrong in its determination that service was had and implicitly that it has jurisdiction. Okay. Where does the Illinois court get off in deciding that the Canadian court got it wrong? Because the defendants introduced that dispute here in Illinois. And the Supreme Court is They're not introducing it in the sense that they're trying to contest it. You're the one who's contesting it. No. They have to, under 619 again Is there a requirement under 619A3 that jurisdiction must be proved by the moving party? Yes. The initial burden is there. There's no question about it. Does it address jurisdiction of the court? It doesn't just say pending action? Well, interestingly enough, they didn't even establish there was an action pending. That action was over. The only thing the judge did in Canada was issue an injunction. None of the issues in this case were even before. That's another factor. I wasn't going to get to that, but let me do it in answering your question. All he does is enter an injunction. That case is over. He then says, serve my order. That's never proven that he did it, but even All he's saying is serve my order. He doesn't say damages. There's no pending damage case. There was no pending damage case. And, yes, I think the Illinois courts and, frankly, virtually every state in the United States recognizes when you're dealing with a foreign judgment, there is no presumption that we automatically give comity to it. Otherwise, somebody could get a judgment anywhere in the world. It isn't just any foreign court. It's a Canadian court. That's a little different. Well, there are people who think it's kind of, you know. But it's a Canadian court. It doesn't very respectfully could be an English court. It's another common law court. But, again, look at the judgment. It doesn't say there's a continuing, I was going to get to that. There is no continuing action of it. That court issues an injunction and it's done. They come in and, yes, it is them, they who have the burden. They affirmatively say, Judge, the Canadian court has exercised jurisdiction and continues to exercise its jurisdiction over this dispute. They never exercise jurisdiction over this dispute, which is a breach of contract issue in Illinois between parties in Illinois. They concede it's a dispute that's supposed to be resolved under Illinois law. If you look at the complaint, and it's in there, nobody is talking about whether the injunctive order in Canada should be vacated. That's all that you have. That's the idea of an injunctive order in Canada. My client's position is fine. We're not playing hand-to-hand in Canada anyhow. So where's the basic problem the way I look at it? Yes, sir. And I'm familiar with this stuff. When I was a lawyer, I had Canadian stuff, and I understand it. You don't like the fact, and your client doesn't like the fact, that a Canadian court has this case when there's so many people here that are involved in Illinois. And you're attacking it based on jurisdictional grounds. What's normally done is you go into Canada. Under all of these treaties, you know, we have to give them comedy. Our treaties say so. You have to go there and make your motion to quash the service of process, and then we could look at the constitutional questions and things of that nature. I don't think any court's ever said that you have to move to quash before you raise the Kellerman issues. Quite the opposite. But let me point out something. Yeah, but the problem with those issues is you have to look at the treaties between the United States of Canada. I could be polite and say you're right, but frankly, Judge, that I respect you enough. I've argued before you before. Let me tell you why you're wrong. Okay, tell me. This was a done deal. Nobody wants to vacate that judgment. There's no reason to vacate the judgment. This was a simple injunctive order that my clients really don't have to contest because it doesn't purport to do anything other than bar them from doing certain things in Canada. The Canadian judge doesn't bar them from filing suit down here. The Canadian order doesn't address the damages issue. It's a pure and simple injunction. It would be no different than if I got a parking ticket and I say, you know what, I'll pay it. It's fine. Let me ask you. Then what you're saying, I think what you're saying, Mr. Nowazowski, is that your clients are seeking a certain relief, and that relief wasn't addressed in the Canadian courts. Yes, sir. And therefore, the relief that you're seeking in Illinois should be addressed by the Illinois court because it's never been addressed before. To quote from the in-laws what he said, absolutely, sir. And if you look at the complaint, we don't ask to vacate anything in Canada. We don't attack the Canadian jurisdiction. We don't attack the order. Well, what happened to the ñ there was a claim for damages also in the Canadian court. What happened to the damage claim? The judgment doesn't include damages. Well, what I want to know is, was that a preliminary injunction and is the damage claim still pending in the Canadian court? The only order in this record, which is interesting because to effectuate it under Canadian law, they had to serve my clients with it, and there's no evidence, as we point out, that they ever ñ the judge said, I want my order served on these defendants. It's never done, and if it was, it's not in the record. So you've got a defect in theory. If that was their ñ remember, it's their burden. If they want to prove that it's bound by the Canadian order, where is their compliance with the Canadian order? There isn't. There's all kinds of issues here. But that's not my question. I understand that point. My question was, you made the statement that the case in Canada is over. It's not even a pending case, and I'm ñ There's been no judgment for damages entered against my clients? But it's a pending. I mean, my question is, I mean, you know, I just came from over there, from the Chancellor's Division. We enter preliminary injunctions all the time, and then the case goes on, and then there's an action for damages. So I'm just asking. I'm not ñ It's not in the record. Okay. But if it's a response request, it's done. It's over. Okay. And he didn't give them. He couldn't. You sat in Chancellor's, right? I was in front of you. You could enter a preliminary injunction saying, ìI'm going to hold the hearing on damages.î It could be in your order. It's not in this order. This is no different. Their system is similar to ours. They have differences. But nobody enters a preliminary injunction just for the sake of it. There's always something that follows. No. He wanted them barred from doing certain things. And as a practical matter, he's not going to get damages because if you look at the underlying contracts here, the only people who could get damages would be my clients. I think, if you have more questions, I think the Court has touched on all the issues. I'd like to reserve five minutes for rebuttal. Thank you. Mr. Cook, let me ask you this. Is that action in Canada over now? No. In fact, there were a number of misstatements that were made, Your Honor, and I'd like to begin my argument by simply addressing them since those were the questions most recently asked. It's not over. It never has been over. And so I was a little surprised by that representation to the Court. A partial judgment was entered, a partial judgment, granting the injunctive relief sought, incident two, the statement of claim, the complaint that was filed in the Ontario Court. That was entered. And the injunction doesn't apply just in Canada. The injunction, as you I'm sure read in the order itself that issued, enjoined the plaintiffs here, defendants in the Ontario action. Let me ask you, if I can interrupt, the related question, which is is there overlap between that Canadian action and this Illinois action? Are they seeking basically to overrule the Canadian involvement in the dispute between the parties here in Illinois? Certainly that construction of the complaint could be had. Count three of the complaint seeks injunctive relief to be issued by a trial court here in Cook County and joining the Ontario Court from further hearing of any of the issues raised in that matter. To that extent, the relief, they're trying to attack the relief that may be granted or is on the verge of being granted in the Canadian Court. And so to that extent, the issues do overlap. Indeed, Your Honor. As I think was not just suggested but expressly stated by the trial court, Judge Duncan Brice below, in also finding that she believed the filing of the complaint, as I believe Your Honor suggested, was nothing more than a form shopping play. They didn't like having to defend an action that was previously filed in Canada and so they filed another action some five or six weeks later here in Cook County and began to try to prosecute the issues anew and afresh. Also not permitted under 2619A3. The judgment, partial judgment that was entered, going back to my first point, it isn't something that just applies in Canada. They were enjoined, all of the defendants in that action, were enjoined from continuing to breach the restrictive covenants in the asset purchase agreement and the employment agreement as well as continuing to disparage, enjoined them from continuing to disparage the cyberclips entities. That judgment's enforceable everywhere in the world, not just Canada. Now, there is an onus on the cyberclips entities to domesticate that judgment here to seek specific enforcement against certain individuals located in a certain place, et cetera. It didn't have to do that. Counsel also represented that service of the judgment has never been proven. Well, I'm not sure what we needed to prove. I am aware that the judgment was in fact sent to each one of the individuals at the same places in which each one of them was served. So I do believe they are aware of the judgment and have been, from my client's perspective, not in the record, but from my client's perspective, have been abiding by that judgment. When the judgment was entered in October 2009, the disparagement ceased. The competition ceased. Let me ask you this question. Did the Cook County Sheriff serve the proper parties? It wasn't a Cook County Sheriff, no, Your Honor. I believe it was a special processor. Okay, a special processor. Yes, Your Honor. Retained by the cyberclips entities. Okay. And affidavits of service, proofs of service, were also filed in the Canadian court as recognized in the opening paragraph of that October 1, 2009 order in which the judge says a couple of things of significance here. First, he read the entire record, read the full statement of claim, reviewed the proofs of service of the statement of claim. The only reason any judge would do that was to confirm for itself. They did, in fact, have jurisdiction over the matter and the persons before it or entities before it. That's why proofs of service are reviewed in the first instance. It didn't expressly say, and we find that we have jurisdiction. Implicit in that statement is, in fact, that they did have jurisdiction. That's how courts here and courts in Canada, of course, operate. It went on, however, though, to also note that it reviewed evidence submitted by the cyberclips entity. Not one but two affidavits were submitted attesting to the allegations in the statement of claim. Let me ask you another thing. Was there leave given by that court to use a special processor? To that question, Your Honor, I am not in a position to answer that. You are aware that there are cases, Illinois Supreme Court cases, and in conformity with the Hague Convention, that you have to use the same processes that we have here, so you would have to get leave to do that. You couldn't just appoint a special processor and serve it. Understood, Your Honor. And, again, as I stated before you today, I can't represent that that, in fact, occurred. It's also not an issue whether it was raised. Well, of course, it's not an issue here because they'd have to go to the Canadian court to do this. That's absolutely correct, Your Honor. So the partial judgment that was entered was served and also mailed then to these defendants. The action is still pending. There will be a trial on damages proceeding in the not-so-distant future addressing the $2 million in damages that is sought and referenced specifically in the statement of claim. I believe there's $200,000 in punitive damages also sought in connection with that claim. Counsel had previously indicated in opening remarks that this was an action that necessarily needed to be brought here, that the dispute that parties negotiated and decided was to be brought here. That also just was not true, and it may have just been oversight by counsel. But there was no venue provision in this asset purchase agreement. There is a choice of law, but there's no venue provision. There is no requirement that any action be specifically brought here in Cook County, Illinois, or anywhere in Illinois, or anywhere in the states for that matter. The closing of this asset purchase was to occur, and it's stated specifically in the asset purchase agreement. That's what I was looking for when I was sitting at the table. It was to occur in Rochester, New York, not Cook County, Illinois. The notice provision in the asset purchase agreement for the purchaser, all notices incident to this transaction, were to be sent to John Menezes in Ontario, Canada. So the idea that this was somehow negotiated, signed up, everything done here in Illinois is also just not factually correct. There was an Ontario entity involved throughout. John Menezes is an Ontario resident who is negotiating this through his Rochester, New York, counsel with an entity and individuals here in Cook County, Illinois. It never was all just Illinois by parties or negotiations or certainly execution. The court previously inquired us to a standard review, and I must apologize for not addressing that more fully in the brief of Apolline. That was my mistake. While 2619 motions generally are treated with a de novo review, that's not the case with a 2619A3 motion to dismiss. That's so because, as this very court has found on several occasions, 2619A3 is procedurally, inherently procedural, urging the circuit court to weigh several factors. And thus, because that is so, this court and every reviewing court reviews 2619A3 decisions by an abuse of discretion standard. That's the standard. Let me add that it, in effect, does not toss the claim out of court. It simply says you're in the wrong court. And to that extent, it's a different standard. A dismissal, an outright dismissal, under the other sections, under 619? Yes, Your Honor. I didn't see that before. Now I see it. And given the multiple factors weighed by the trial court in reaching its decision, it's why deference is given to that decision. Those factors include, as this court has already begun to discuss, comedy. Of course we owe Canada comedy and Canadian courts comedy in the decisions it reaches impacting litigants here in Cook County as well. Judge Duncan Brice found the same. Also, 2619A3 serves the purpose of preventing a multiplicity of lawsuits. Of course, that also is true here. This case was filed at least six weeks prior to any action filed here. And, as Judge Duncan Brice also found, was in all likelihood in direct response to that for the reason Justice Gordon, you pointed out. They didn't like the idea of having to go to an Ontario court and defend themselves in any respect. And so, in an effort to create their own forum here, they filed this action. It was nothing more than a forum shopping play, also as noted by the trial court. And, of course, because of all that, the filing of this action, in light of the already previously pending Ontario-Canadian action, was vexatious and for the sole purpose of harassing the plaintiffs, defendants here in Canada. The decision reached by the trial court carefully weighed both what was going on in Canada as well as the factors to consider in connection with 2619A3. There seems to be a lot of movement in terms of what the burden is. Of course, we have the burden. It's our motion in demonstrating that the factors are met and a reason for dismissal. But, at this stage and with this motion and in the trial court, it was never our burden to prove service. Service was demonstrated by the action of the Canadian court. Jurisdiction was demonstrated by the action of the Canadian court. That was never one of the factors that the defendants here had to prove in connection with the 2619A3 motion. So, some of what we've been requested to prove or required to prove were just not. That the order was, in fact, served, also not required to prove. I find it curious, however, that with the opportunity to actually make those arguments and submit evidence by way of affidavit in response to the motion, not one plaintiff, not one of the four plaintiffs, submitted an affidavit indicating that they were never served or suggesting that they never received the order. They didn't because, of course, they were served. They didn't because they did have the partial judgment that was entered against them. That's why there was no evidence submitted by the plaintiffs. And, respectfully, that issue is something, as this court has already acknowledged, to be taken up in the Ontario court, contesting service of process, moving to quash service, contesting the jurisdiction in the first instance, or they also had the opportunity to contest jurisdiction collaterally and collaterally attack the judgment entered against them. Not in an action filed here between the same parties, essentially based on the same transaction, the asset purchase agreement, enforcement of the provisions related to the same. That's not the form for it either. If, in fact, and if and when, the judgment is, or any judgment, entered by the Ontario court is entered or domesticated here in Cook County for purposes of enforcing the same against any of Cook County's residents or Illinois' residents, at that time, there will be an opportunity for those defendants in the Ontario matter and the appellants here to raise a jurisdiction issue. And if the judge at that point in time finds that jurisdiction was never had by the Ontario court in the first instance, then the judgment is void ad initio. But that's for another form as well. It doesn't give license to the defendants in a Canadian action, however, to file another action here in Cook County six weeks later based on the same transactions. Respectfully, Your Honors, as well, to the extent that there is any de novo review and to the extent this court entertains in any manner reversing and remanding the case back to Judge Duncan Price, we request that certainly John Menezes be dismissed in this matter and the court indicate as much in the ruling. John Menezes' connection to this entire action as an individual is solely based on the fact that he was the officer signing on behalf of the CyberClicks entities. That's it. He has no business in this action. There's no claims to be pursued against him. So in the event that Your Honors are inclined to reverse the matter and remand it, we ask that John Menezes and the dismissal of John Menezes from this matter be upheld. For all these reasons, Your Honor, we respectfully request that the judgment and decision of the trial court be affirmed. Thank you. Rebuttal. Let me address the statements as to the statements. The issue is not whether they were served initially. The order, and I ask you to look at the record, because I'm going to go through the misstatements you just heard. I'll do this seriatim. I'll try to be brief. There is nothing in this record, just the opposite, that the order has required, and they do have a requirement in Canada that once a judgment is entered, it's effective when the order is served on people. There is no evidence of service of the order, period. We understand your position. We understand that position. Well, no, you were just told there, oh, they were in some other process. You could tell me if he is an elephant. I know the difference. Okay. Go ahead. So we have an inherently defective judgment based on its own terms. You were told, well, he admitted we haven't followed up on our injunction, and there's going to be a trial at some point. No, this company was sold. Mr. Menzies sold the company. Somebody completely different owns it. In fact, it's from two sales. So this is outside the record. Is that in the record? No, but his claim that they're following up isn't either. So there's been a misstatement. I'm aware of it because I'm aware of the sale. There's some issues going on in other actions right now. But I can assure you that whatever decision we make, it will be decided on the record. On the record only. I'm simply correcting the misstatement. I know the Court will. Now, there is no affidavit from my people saying the order wasn't served on them. We're not the ones with the burden of going ahead. He has a burden as the moving party to establish that this judgment somehow binds the parties here. I think that this whole idea of service and enforcement of the judgment is really a blind alley. This case is not about enforcement of judgments. This case is about whether there's another action pending in another jurisdiction. That's what it's about. Yes, and our position is there was never any evidence before the trial court that there was a pending action. All that they had was an order saying we're granting injunctive relief, period. Well, there's a complaint, though, isn't there? Isn't there a complaint that says we want injunctive relief of damages and doesn't the order say it's a partial judgment? I mean, don't you know? Everybody, we know. You had to come in. I agree with you. Our position is they haven't shown it wasn't abandoned. In fact, we know it was abandoned because we knew it was sold. It's not our burden. All you have in front of you, there is no evidence of an ongoing, continuing proceeding. In fact, in order to show that, they would have had to show that the actual order was served. It wasn't. But there's nothing. Look at the record. The order doesn't say it is continuing. They come in before Judge Duncan Brice. By the way, it doesn't go bankrupt because she's retired, obviously. But I'd like to retire, too, I guess. Maybe you can go mediate this with her. Yeah, luckily, I wouldn't mind. She was my opponent when she was running appeals in the city. But what we're talking about, he concedes, you know, Judge. Doesn't the term partial judgment imply that it's not a complete resolution of the matters? Well, you know what? Judge, I'm not going to play games with you. There's a lot of assumptions. It's not our burden. Think about it for a second. They're asking you to have this Kierkegaardian leap of faith that you should assume it's still continuing in Canada, that it was continuing in Canada. We know that there has been significant changes. What's interesting, what he says to you now is, you know what, wait until they come down and they try to enforce the judgment in Illinois, and then they can make all these arguments attacking jurisdiction. We're attacking the basic jurisdiction now, but somehow there's this dichotomy that you can't do it when you file a lawsuit. And they come in and say, here's our affirmative defense. Why can't we attack the underlying jurisdiction, which we tried to? That's the real elephant in the room here. Judge Duncan Bryce should have said, okay, you'll concede that if you were in here saying, not only do I want to dismiss, but I get a $2 million judgment. The Illinois Supreme Court says at that point, when somebody is raising this, you can examine the basic issue. And, yes, the Illinois court could look to determine, and the first thing you look to determine is, did the Canadian court have jurisdiction over the person? But that goes back to my initial statement at the beginning of this discussion, in that you're talking about two different, as counsel said, you're talking about two different processes. You're talking about enforcement of judgments. And, yes, they even admit that if we were dealing with a case that dealt with the enforcement of a judgment, then jurisdiction could be an issue. But we're not talking about enforcement of judgments. We're just talking about whether there's another case pending. The cases that deal with that issue aren't limited simply to enforcement. And what we have here was a lawsuit filed. And, in fact, if you look at paragraph, his comment that all this stuff was signed outside the state, it's not in the record. What is in the record, take a look at paragraph 9 and 10 of our complaint. Mr. Nowazowski, I think one of the concerns for Illinois courts is, why should we get involved in a litigation that's admittedly started somewhere else, whether or not it was abandoned, until there's a consequence that the Illinois residents have to suffer. And that suffer, that consequence doesn't arise until there's an enforcement action. And at that point, jurisdiction can be attacked if there's a basis for that. But until then, we have enough cases to deal with. We're going to leave this in the Canadian courts. I'll tell you where the consequence is. They have a valid, look at 9 and 10. They have an action that says it was, first of all, the agreement was entered in Illinois. Counsel claimed that it was in Rochester. I don't know where that's coming from. They didn't attack the facts of the complaint. They're deemed admitted for the purpose of the motion. It says it was entered into asset purchase in the state of Illinois. 1307 of the contract says everything is governed by, but you know what we want? My point is this. We want a lawsuit here. We suffer the consequence. That's what the Supreme Court says. I have to respectfully disagree with you this time. I think what you're trying to do is establish new precedent. No, sir. That, in fact, the jurisdiction can be attacked in a 619A3 motion as opposed to waiting until there's an enforcement action. No, sir. What they did, they're trying to establish new precedent. And if this Court affirms, there will be new precedent. Well, wait a minute. When you say that, you know, let's assume that this defendant, Appellee, never even is here. We don't hear any argument from him at all, only from you. And you make this great, wonderful argument. All right? Thank you. Great, wonderful argument. Where is a case to support you? Where is what? Where is a case to support you? Show me a case where somebody did not go into a Canadian court to contest jurisdiction, and our courts say no jurisdiction. Show me a case. You know, there's millions of Canadian cases. We have. That's not. The Illinois courts and every other court in the United States have said if somebody has a foreign judgment, the court can always examine on behalf of its own citizens, and that's front, what's the Supreme Court, reasonably hailed in front of that jurisdiction. Yeah, that's. But that's, again. That's basic jurisdiction. But that's, again, in an enforcement situation. I guess to follow up on Justice Gordon's question, to be more specific, where is there a case that says that you can defeat a 2619A3 motion for another case pending by attacking the jurisdiction of the other court? Is there a case that says that? Justice Palmer. I'm sorry. Justice Palmer. Yeah. Shifting from chance review here. Show me a case that says they can do what they did. You're not going to find it. Here's why. Here's why. That's a way of not answering my question. No, it isn't. I'm being candid with you. This is what I'm looking for. Justice Gordon said that, or I'm sorry, Justice Garcia said, aren't you trying to establish a new precedent? Because, and the reason I, well, I can't speak for him, but I would say I haven't seen a case that says that you can defeat a 2619A3 motion for another case pending by showing that the other court does not have jurisdiction. And in my mind, first, I've never seen a case, but in my mind, it's, again, hailing back to that jurisdiction. Because when I was in the trial court, all of a sudden, now, in 2619A3 motions, we're going to have another component. And that other component is going to be every time somebody raises 2619A3, we're going to have a hearing about jurisdiction. And I haven't seen that. How easy is that for us to do, or for an Illinois court to do, when all the action took place in Canada? No, all the action took place in Illinois. It's very easy. Because the Supreme Court says you have to do it. Here, let me answer it, if I can. You're a zealous advocate, Mr. Novoselsky. But I think at some point we have to call it. Actually, I'm a Wisconsin citizen, not a zealous advocate. But can I, if the court will give me 13 seconds to just respond to this. Thank you. You're right. But there's no case either way. Because what they do is they come into an Illinois action, admittedly brought under contracts that say it's an Illinois issue. And everybody agrees that it's governed by Illinois law. They affirmatively argue, you're not going to see this in any other case. Well, we have a Canadian action that bars your Illinois action. At that point, the U.S. Supreme Court says the first thing you do, and that's a Volkswagen case, a worldwide Volkswagen, you have to establish that the other jurisdiction, you could reasonably, I love this phrase, reasonably expect to be hailed into that court. We, in responding to the 619, and they don't dispute it, never appeared in Canada, didn't do any of this in Canada, none of the things in this lawsuit, let's focus on just this lawsuit, took place in Canada. The judge in Canada doesn't rule on this lawsuit. So under the U.S. Supreme Court thing, we can always contest the jurisdiction. And it's done, what's the difference between an enforcement proceeding and this proceeding? Because, yes, we did lose something. What they did is they come in and affirmatively raise an issue where they have to establish basic jurisdiction to raise it. Everybody agrees on it. And what they've done, and it is, you're not going to find a case. If you do, then my research is poor. Counsel's research is poor. Not a single case has ever addressed this procedure that they raised. They're the moving party. Everyone agrees that in order to establish that as a bar, you have to come in with basic jurisdictional issues, not simply there is a judgment, because then there is no burden at all. You could have a judgment entered by a court that did it by mail out of the North Pole. And they say, well, you must now assume, because that judge said I have jurisdiction. The U.S. Supreme Court has never bought that. The Illinois Supreme Court has never bought that. And Judge Palmer, I'm sorry, Justice Palmer, I am not going to lie to this court and say to you, yeah, there's cases on it. I just can't remember it. I couldn't find it. That's where the discretion of the circuit court comes into play. The circuit court can exercise its discretion and say, I have, well, there's this law that says that. But they concede that if this was an enforcement action, she should have waived it. They had to establish jurisdiction. You can raise it. This is an enforcement action, very respectfully. They're trying to enforce this as a bar against the contractual action here. It's not an easy issue. If there were an enforcement action, they would be the plaintiffs and your side would be the defense. And we could counterclaim for these contractual issues. Very respectfully, Judge, I know we disagree. But if you're going to put it, if the court is going to affirm, I would ask that the opinion point out that these claims would not be foreclosed if they try to enforce them as a counterclaim. And, of course, that puts them in a position of saying now because we go off the record, there's all kinds of interesting consequences. What they're trying to do is get something to bar these contract claims under the theory that we never have to come in to enforce them at all. I can assure you that based on what I've read, Judge Duncan Brice never ruled on those issues. I understand. I thank the court for its time this morning. And I thank the court for getting grilled sometimes is informative. It wakes up the brain cells. Thank you very much. Well, I want to tell you that the arguments were wonderful arguments and the briefs were very well done. And you gave us a very interesting issue. And we will take the case under advisement. I will tell my associate who did the reply brief, Mr. Navarro, to first foray into appeals and the court appreciated his writing. Thank you. Thank you, Mr. Brice. Thank you, Mr. Chair.